Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000635
27-NOV-2018
08:43 AM

NO. CAAP-15-0000635

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ARNOLD DOWLING, Plaintiff-Appellee/Cross-Appellant, v.
808 BOATS LLC, Defendant-Appellant/Cross-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC-14-1-8468)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant/Counterclaim-Plaintiff/Appellant/Cross-Appellee 808 Boats LLC (**808 Boats**) appealed from the District Court of the First Circuit's (**District Court**) Judgment entered on August 13, 2015.[1]  Plaintiff/Counterclaim-Defendant/Appellee/Cross-Appellee Arnold Dowling (**Dowling**), aka Arnold Dowling, Jr., cross-appealed from the same.

On January 17, 2018, on behalf of Dowling's son, Arnold Dowling III (**Dowling III**), who is also the trustee under the Arnold Dowling, Jr. Trust (the **Trust**), Dowling's attorney

_____

[1] The Honorable Melanie May presided.

submitted a "Suggestion of Death" reporting to this court that Dowling died on December 9, 2017.

On January 31, 2018, this court issued an order regarding further submissions informing the court of what effect Dowling's death has on the pending appeal and whether any person intends to file a motion requesting that a personal representative of Dowling be substituted as a party.

Responses to this court's order were filed by Dowling's attorney on February 23, 2018, and March 12, 2018, the gravamen of which was that Dowling's heirs decided not to probate Dowling's will and not to seek the appointment of a personal representative, but instead requested that this court substitute Dowling III, as trustee of the Trust, as the designated successor to Dowling in this appellate proceeding.

On February 20, 2018, 808 Boats also filed a response to this court's order, arguing that, absent a judicial appointment of Dowling III as the personal representative of Dowling's estate, Dowling III is not a proper party for substitution.

Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 43(a) provides, regarding the substitution of parties:

> (a) *Death of a party.* If a party dies after the notice of appeal is filed, or while the proceeding is otherwise pending in a Hawai'i appellate court, that court may substitute the personal representative of the deceased party as a party on motion filed by the representative or by any party. The motion shall be served upon the representative in accordance with the provisions of Rule 25. If the deceased party has no representative, any party may suggest the death on the record, and proceedings shall then be had as that court shall direct. If an appellee dies after entry of the judgment or order in the court or agency appealed from but before a notice of appeal is filed, an

2

appellant may proceed as if the death had not occurred. After the notice of appeal is filed, substitution shall be effected in the Hawaiʻi appellate courts in accordance with this subsection. If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by the party's personal representative, or, if the party has no representative, by the party's attorney of record within the time prescribed by these rules. After the notice of appeal is filed substitution shall be effected in the Hawaiʻi appellate courts in accordance with this subsection.

In <u>Roxas v. Marcos</u>, 89 Hawaiʻi 91, 122-23, 969 P.2d 1209, 1240 (1998), the supreme court held that an heir of an undistributed estate is generally not a proper party for substitution, unless he or she has been judicially appointed as the personal representative of the decedent's estate.

It appears that the deceased party to this action, Dowling, has had no personal representative judicially appointed for his estate. Dowling III has presented no authority for the proposition that, by virtue of his serving as trustee of the Trust, he is a proper party for substitution in this appeal. There is no other appellee or cross-appellant. Accordingly, we conclude that it is appropriate to dismiss both the appeal and cross-appeal herein.

For these reasons, 808 Boats' appeal and Dowling's cross-appeal from the District Court's August 13, 2015 Judgment are dismissed; this case is remanded to the District Court to vacate the August 13, 2015 Judgment.

DATED: Honolulu, Hawai'i, November 27, 2018.

On the briefs:

Joachim P. Cox,
Robert K. Fricke,
Abigail M. Holden
(Cox Fricke LLP),
for Defendant-Appellant/
 Cross-Appellee.

Edward C. Kemper,
for Plaintiff-Appellee/
 Cross-Appellant.

Chief Judge

Associate Judge

Associate Judge

Arnold Dowling, Plaintiff-Appellee/Cross-Appellant v. 808 Boats
LLC, Defendant-Appellant/Cross-Appellee; CAAP No. 15-0000635
(Civil No. 1RC-14-1-8468); Summary Disposition Order

4